[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JUNE 19, 1996
The defendant has filed a Motion to Dismiss the Information charging him with operating under the influence. He claims his arrest arose out of an illegal investigatory stop of his motor vehicle.
The relevant facts are as follows:
On November 7, 1995, a police officer with the Vernon Police Department was dispatched to Elmo's Restaurant via police radio. An anonymous caller had reported that an intoxicated male was leaving Elmo's and would be driving a tan Chevrolet Blazer motor vehicle. The time was shortly after midnight. The male was described as white, with a beard and wearing a Dallas Cowboys jacket. Officer Rooney arrived at Elmo's in approximately two minutes. As she pulled into the parking lot a tan and white Blazer passed by her in the parking lot heading toward the exit. The drivers passed close to each other and the officer, through a CT Page 4931 partially opened window, could see the driver was a bearded white male wearing a white or silver colored jacket, which she recognized as Dallas Cowboy colors. She immediately turned onto the highway (Route 83) and pulled the defendant over. The officer did not see the defendant operating erratically or otherwise committing any violations. She stopped the vehicle solely on the basis of the anonymous tip corroborated by the generally matching description of the vehicle and its occupant. She detected a strong odor of alcohol on the driver, who stated he had five or six beers. After he could not satisfactorily perform roadside sobriety tests he was arrested for DUI.
The issue before the Court is whether the initial stop of the defendant was unlawful, having been based on an anonymous tip without the officer observing any motor vehicle violations.
The tip, although anonymous, was detailed as to the place, time and description of the vehicle and its occupant. The officer was at the scene in two minutes and could reasonably believe the vehicle and driver generally met the description given. Route 83 is a state highway with travel lanes in both directions without a divider between the directions of travel. The officer testified if she had waited to observe the defendant's operation it could have placed others in a sphere of danger.
An investigatory stop of a motor vehicle is permissible without probable cause as long as there is a reasonable and articulable reason to investigate suspected unlawful activity. This Court concludes the facts of this case satisfied that standard.
The tipster reported the driver was intoxicated and was leaving Elmo's. She gave a general description. That tip was presumably based on the tipster's observation.
Random motor vehicle sobriety stops, are sanctioned, albeit according to certain rules as to how they are to be conducted.
While this was not a random stop, brief investigatory stops to protect the public from drunk drivers are constitutional. This policy does not diminish the need for articulable and reasonable cause to effect a non-random stop, but it does point to the importance attached to this area of law enforcement. Under the circumstances of this case, it does not seem prudent to require the officer to actually observe erratic driving (or wait for an CT Page 4932 accident to happen) before doing a brief investigatory stop.
In summary, there was a specific tip as to time and place, there was a generally accurate description of car and driver. The stop took place in close proximity to the time and place reported. (State v. Aversa, 197 Conn. 685, 691 (1985)), balancing the interest in the state in protecting the public versus individual liberty, a brief investigatory stop is not an unreasonable intrusion where a reportedly intoxicated driver may well endanger others (State v. Boisvert, 40 Conn. App. 520
(1996)), the tip was sufficiently reliable for an investigatory stop in that it indicated the caller was familiar with the defendant and his activity, and there was sufficient corroboration of probable identity.
Under the totality of circumstances the court finds the investigatory stop was lawful. Accordingly, the request to suppress any evidence obtained as a result of the stop is denied and the Motion to Dismiss on the basis of insufficient evidence is denied.
KLACZAK, J.